UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS CHAYRA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br> v.<br><br>FAMILY DOLLAR, INC.,<br><br>      Defendant. | Case No. 2:11-cv-01710-MMD-VCF<br><br>ORDER<br><br>(Defendant's Motion for Summary Judgment and Request for Attorney's Fees – dkt. no. 12) |

  Before the Court is Defendant Family Dollar, Inc.'s ("Family Dollar") Motion for Summary Judgment and Request for Attorney's Fees. (Dkt. no. 12.)  For the reasons described below, the Motion is granted and the Request for Attorney's Fees is denied.

**I. BACKGROUND**

  On or about September 30, 2011, Plaintiff Thomas Chayra entered Defendant Family Dollar's premises located at 820 E. Twain Ave., #123, Las Vegas, Nevada. Plaintiff patronized Family Dollar for the purpose of withdrawing money from an ATM machine located on Defendant's premises.  As a result of withdrawing money from this ATM machine, Plaintiff was charged a surcharge fee of $2.00.  Chayra observed that there were no written notices regarding the fee displayed at a prominent or conspicuous location on or at the ATM where he intended to transfer funds, which he asserts is required under 15 U.S.C. § 1693b(d)(3)(A) and (B), the Electronic Funds Transfer Act ("EFTA").

Plaintiff filed his Complaint on behalf of himself and all others similarly situated on October 4, 2011.[1] Defendant now brings this Motion for Summary Judgment.

## II.   MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence

---

[1] Despite his purported desire to file this case as a class action lawsuit (*see, e.g.*, dkt. no. 1 at 3), Plaintiff has not attempted to certify the class.

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

    **B.**    **Analysis**

Defendant argues that it is not an "automated teller machine operator" under 12 C.F.R. § 205.16(a) and is therefore not covered under the EFTA.  Defendant asserts that it has identified the actual operator of the ATM as Citywide ATM, Inc.  Plaintiff does not appear to dispute this fact.

    **1.**    **The EFTA**

"[T]he Electronic Fund Transfer Act . . . establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services.  The primary objective of the act . . . is the protection of individual consumers engaging in electronic fund transfers." 12 C.F.R. § 205.1(b); *see also* 15 U.S.C. § 1693(b) (the purpose of the EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems.  The primary objective of the [EFTA] . . . is the provision of individual consumer rights.").  The EFTA requires ATM operators to post notice of the imposition of a fee "in a prominent and conspicuous location on or at

the [ATM]", and "on the screen of the [ATM], or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction. . . ." 15 U.S.C. § 1693b(d)(3)(B); 15 C.F.R. § 205.16(c).  This requirement is often referred to as "Regulation E."  *See Campbell v. Hope Cmty. Credit Union*, No. 10-2649, 2012 WL 2395180, at *1 (W.D. Tenn. June 25, 2012).  The ATM operator may not impose a fee unless the consumer receives the above notice and "elects to continue in the manner necessary to effect the transaction after receiving such notice."  15 U.S.C. § 1693b(d)(3) (C); 12 C.F.R. § 205.16(e).

### 2. Whether Defendant is a "Automated Teller Machine Operator"

12 C.F.R. § 205.16(a) defines an "automated teller machine operator" as "any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

Plaintiff asserts that Defendant is, in fact, an automated machine teller operator because "Defendant controls the operation of the subject ATM machine by controlling the time that customers may enter its store to use the machine[,]" and that "[t]herefore, in essence, Family Dollar does operate the ATM and becomes an 'automated teller machine operator' under" the applicable regulation.  (Dkt. no. 13 at 4.)  Plaintiff also asserts that Defendant is an automated machine teller operator under the statute because it reaps a financial benefit from the ATM's presence in its store, and that as a policy matter the Court should construe 12 C.F.R. § 205.16(a) as applying to the store owner because the average consumer would not know that Family Dollar does not own the ATM.  (Dkt. no. 13 at 5.)

Defendant counters that its role was merely to passively provide a space for Citywide's ATM machine on its premises, and as such it is not the operator of the ATM in question under the applicable regulation.

Neither party cites to case law construing the meaning of an owner or operator of an ATM machine for the purposes of 15 U.S.C. § 1693b(d)(3)(A) and (B).

The Court therefore looks to the plain meaning of "operator." *See Shields v. United States*, 698 F.2d 987, 989 (9th Cir. 1983) ("The primary rule of statutory construction is to ascertain and give effect to the plain meaning of the language used." (citation omitted)). The Oxford English Dictionary defines operator as "[a] person (professionally) engaged in performing the practical or mechanical operations of a process, business, etc." Oxford English Dictionary (2d ed. 1989). Under this definition, the logical operator of the ATM must be its owner, for it is Citywide, not Family Dollar, whom engages in the ATM transactions.

The Court's review of the case law supports this contention. The properly-sued Defendants in other cases brought under 15 U.S.C. § 1693b(d)(3)(A) and (B) were financial institutions that owned the ATM machines. *See, e.g., Campbell*, 2012 WL 2395180; *Kinder v. United Bancorp Inc.*, 11-CV-10440, 2012 WL 4490874 (E.D. Mich. Sept. 28, 2012); *Kinder v. Forcht Bank*, No. 11-233, 2011 WL 5153686 (E.D. Ky. Oct. 28, 2011).

For these reasons, the Court grants Defendant's Motion for Summary Judgment.

### III. REQUEST FOR ATTORNEY'S FEES

Defendant seeks recovery of attorney's fees pursuant to 15 U.S.C. § 1693(m)f. The statute states:

> Action in bad faith or for harassment; attorney's fees:
>
> On a finding by the court that an unsuccessful action under this section was brought in bad faith or for purposes of harassment, the court shall award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Defendant argues that Plaintiff filed this case in bad faith and for the purposes of harassment. To support its argument, Defendant identifies seventeen cases filed by Plaintiff asserting claims under the EFTA against retail establishments for failure to provide a proper ATM fee warning notice. (Dkt. no. 12, Ex. D.) Further, Defendant states that it identified Citywide as the actual owner and operator of the ATM machine on its premises in its initial disclosure, and despite the early identification of the actual

owner/operator of the ATM machine, Plaintiff continued to litigate the case against Defendant.[2]

However, Defendant fails to address how Plaintiff's actions amount to bad faith or harassment. For example, Defendant does not address the status of the other seventeen cases filed by Plaintiff or how they demonstrate bad faith in this case. Defendant also does not discuss why Plaintiff's conduct is not merely reckless, but also frivolous, harassing, or done for an improper purpose, which is required before the Court can hold that Plaintiff filed this action in bad faith. *See Rodriguez v. United States*, 524 F.3d 704, 709 (9th Cir. 2008).

**IV.   CONCLUSION**

Accordingly, IT IS ORDERED that Defendant's Motion for Summary Judgment (dkt. no. 12) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Request for Attorney's Fees and Costs (dkt. no. 12) is DENIED.

DATED THIS 25th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also asserts that Plaintiff's failure to attempt to certify the class and failure to answer Defendant's written discovery constitutes bad faith.